**Drora KEMP, Plaintiff–Appellant,**

**v.**

**METRO–NORTH RAILROAD,**
**Defendant–Appellee.**

**No. 07–3001–cv.**

United States Court of Appeals,
Second Circuit.

March 19, 2009.

Appeal from the United States District Court for the Southern District of New York (Robert W. Sweet, Judge).

Antonia Kousoulas, Kousoulas & Associates, P.C., New York, NY, for Appellant.

Eric D. Witkin, Littler Mendelson, P.C., New York, NY, for Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. B.D. PARKER, Circuit Judges, and Hon. TIMOTHY C. STANCEU,* Judge.

## SUMMARY ORDER

Defendant Drora Kemp appeals from the district court's grant of summary judgment to the defendant on Kemp's claim of harassment based on disability under the New York State Human Rights Law, Executive Law, Article 15 § 290, *et seq.* ("NYSHRL"), and the New York City Human Rights Law, Administrative Code § 8–107(1)(a) ("NYCHRL"), and her claim of retaliation in violation of the NYSHRL, the NYCHRL, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

"We review a grant of summary judgment *de novo,*" granting relief only when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Graham v. Long Island R.R.,* 230 F.3d 34, 38 (2d Cir.2000).

■ We analyze claims under the NYSHRL using the same standards that apply to federal civil rights statutes such as Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* and the ADA.

See *Weinstock v. Columbia Univ.,* 224 F.3d 33, 42 & n. 1 (2d Cir.2000); *see also Forrest v. Jewish Guild for the Blind,* 3 N.Y.3d 295, 305 n. 3, 786 N.Y.S.2d 382, 819 N.E.2d 998 (2004). For a claim of harassment such as that which is advanced here, this standard requires, *inter alia,* a showing that the discriminatory or harassing behavior was "sufficiently severe or pervasive so as to alter the conditions of the victim's employment." *Cosgrove v. Sears, Roebuck & Co.,* 9 F.3d 1033, 1042 (2d Cir.1993)(alterations and internal quotation marks omitted). Kemp contends that this is not the proper standard to invoke under the NYCHRL. See *Farrugia v. North Shore Univ. Hosp.,* 13 Misc.3d 740, 747–48, 820 N.Y.S.2d 718 (N.Y.Sup.Ct.2006); *but see Gallo v. Alitalia–Linee Aeree Italiane–Societa per Azioni,* 585 F.Supp.2d 520, 537 (S.D.N.Y.2008)(declining to follow *Farrugia* and disputing its analysis of legislative history). We need not decide this issue at this time, because even under the more lenient *Farrugia* standard that Kemp urges us to adopt, a plaintiff still must establish that "the harassment complained of was based upon [the plaintiff's membership in a protected group]." *Farrugia,* 13 Misc.3d at 748, 820 N.Y.S.2d at 724. We agree with the district court that Kemp has not offered any evidence to show that the alleged harassment was based on Kemp's breast cancer. Summary judgment was therefore properly granted on this claim.

To establish a *prima facie* case of retaliation under the ADA, "a plaintiff must establish that (1) the employee was engaged in an activity protected by the ADA, (2) the employer was aware of that activity, (3) an employment action adverse to

* The Honorable Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

the plaintiff occurred, and (4) there existed a causal connection between the protected activity and the adverse employment action." *Sarno v. Douglas Elliman–Gibbons & Ives, Inc.*, 183 F.3d 155, 159 (2d Cir. 1999). In analyzing the retaliation claim, the district court applied the same standard for the ADA, the NYSHRL, and the NYCHRL. Neither party suggests that this was incorrect. Under the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), once a *prima facie* case has been established, the defendant must produce evidence that the adverse employment action was taken for some legitimate, non-discriminatory reason. This rebuts the presumption raised by the *prima facie* case, at which point "the burden shifts back to the plaintiff to prove, by a preponderance of the evidence, that the real reason for the adverse employment decision was discrimination." *Mandell v. County of Suffolk*, 316 F.3d 368, 380–81 (2d Cir.2003).

We need not decide whether Kemp has made out a *prima facie* case of retaliation. Metro–North has advanced a legitimate, non-discriminatory reason for transferring Kemp to a different job: On the advice of the law firm that had investigated Kemp's internal complaint of discrimination for Metro–North, Metro–North decided to remove Kemp from the small department where she was clearly involved in a clash of personalities. *Cf. Davis v. State Univ. of New York*, 802 F.2d 638, 642 (2d Cir.1986)(personality conflicts with co-workers seen as a legitimate reason for a transfer). The proffered evidence will support only a conclusion by a trier of fact that the individuals involved in transferring Kemp were motivated by their desire to find her a comparable position, and that they thought she was amenable to taking the position that was found for her. Kemp has made no showing that this explanation for the transfer is a pretext for retaliation. The district court therefore properly granted summary judgment to the defendants on this claim.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.